SULAIMAN LAW GROUP, LTD.
Alejandro E. Figueroa (State Bar No. 332132)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 x120
Facsimile: (630) 575-8188
Email: alejandrof@sulaimanlaw.com
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLINE L. CARDOZA,<br><br>Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>Defendant. | Case No. 5:21-cv-01686<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET SEQ.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW comes CAROLINE L. CARDOZA ("Plaintiff"), by and through the undersigned, complaining as to the conduct of PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Rosenthal Fair Debt

Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.*, for Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, 47 U.S.C. § 227, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367 because it arises out of the common nucleus of operative facts of Plaintiff's federal questions claims.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Central District of California and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California.

## PARTIES

4. Plaintiff is a consumer over 18 years of age residing in Menifee, California, which is located within the Central District of California.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. Defendant is a limited liability company formed under the laws of the state of Delaware with its principal place of business located at 120 Corporate Boulevard, Norfolk, Virginia. Defendant was founded in 1996 and is one of the nation's largest

debt collectors.[1] Defendant uses the mail and/or telephone for the principal purpose of collecting debts from consumers on a nationwide basis, including from consumers in the state of California.

7. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9. The instant action arises out of Defendant's attempts to collect upon debts Plaintiff allegedly owed in connection to consumer lines of credit originally issued through Synchrony Bank ("Synchrony") and Capital One Bank USA, N.A ("Capital One") ("subject consumer debts').

10. Due to unforeseen financial circumstances, Plaintiff fell behind on payments in relation to the subject consumer debts

11. Upon information and belief, after Plaintiff's default, the subject debts wound up with Defendant for collections purposes.

12. Sometime in 2020, Defendant began systematically calling Plaintiff on her cellular phone, (951) XXX-9342, attempting to collect upon the subject consumer debts.

---

[1] https://www.portfoliorecovery.com/prapay/help/about-us

3

13. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -9342. Plaintiff is and always has been financially responsible for the cellular phone and its services.

14. Defendant has called Plaintiff using various phone numbers, including but not limited to (801) 742-5882.

15. Upon information and belief, Defendant regularly utilizes the above-referenced phone numbers in its debt collection activities.

16. Upon speaking with Defendant, Plaintiff learned that it was calling to collect on the subject debt.

17. Plaintiff was unable to pay and demanded that Defendant cease calling her.

18. Defendant ignored Plaintiff's demand and continued calling.

19. Plaintiff answered further calls from Defendant and again demanded that it stop calling and that she revoked consent to be called.

20. Despite Plaintiff's repeated demands, Defendant has continued calling her cellular phone through present.

21. Plaintiff has received dozens of calls from Defendant despite her repeated demands such harassing phone calls stop.

22. Aggravated and frustrated over Defendant's above conduct, Plaintiff spoke with her attorneys regarding her rights, resulting in expenses.

23. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

24. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff repeats and alleges paragraphs 1 through 24 as though fully set forth herein.

26. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

27. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

28. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

29. The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA § 1692c(a)(1) and § 1692d

30. The FDCPA, pursuant to 15 U.S.C. § 1692c(a)(1), prohibits a debt collector from contacting the consumer at any unusual time, place, or unusual time or place known to be inconvenient to the consumer. Further, § 1692d prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

31. Defendant violated §§ 1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop. This recurring behavior of systematically calling Plaintiff in defiance of Plaintiff's demands was harassing and abusive. The frequency and nature of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her and coercing her into contact and payment.

32. Defendant was notified by Plaintiff more than once that its calls were not welcomed. As such, Defendant knew that its conduct was harassing and annoying to Plaintiff.

### b. Violations of FDCPA § 1692e

33. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

34. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

35. Defendant violated §§ 1692e and e(10) when it used deceptive and misleading means to collect and/or attempt to collect the subject debt. In spite of Plaintiff's explicit demands, Defendant continued to contact Plaintiff and press for payment. Through its endless calls, Defendant deceptively and misleadingly represented to Plaintiff that it had the legal ability to contact her upon her non-consent when it did not.

### c. Violations of FDCPA § 1692f

36. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

37. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on the subject debt by continuously calling Plaintiff after being notified to stop. Defendant varies the numbers it uses to call Plaintiff in an effort to avoid detection and coerce Plaintiff into contact. Exerting pressure on Plaintiff for payment by placing voluminous phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

38. As pled in paragraphs 22 through 24, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal action.

WHEREFORE, Plaintiff CAROLINE L. CARDOZA respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

39. Plaintiff restates and realleges paragraphs 1 through 38 as though fully set forth herein.

40. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

41. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

42. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**a. Violations of RFDCPA §§ 1788.10–1788.17**

43. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or

attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

44.  As outlined above, through its continuous attempts to collect the subject debt from Plaintiff, Defendant violated § 1788.17 and §§ 1692c, d, e, and f. Defendant engaged in a harassing, deceptive and unconscionable campaign to collect from Plaintiff.

45. Defendant willfully and knowingly violated the RFDCPA through its egregious collection efforts.  Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff CAROLINE L. CARDOZA respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statute;

    b. Awarding Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

    c. Awarding Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

    d. Awarding Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

    e. Awarding any other relief as the Honorable Court deems just and proper.

| | |
|---|---|
| Dated: October 5, 2021 | Respectfully submitted,<br><br>By: /s/ Alejandro E. Figueroa<br>SULAIMAN LAW GROUP, LTD.<br>Alejandro E. Figueroa (State Bar No. 332132)<br>2500 South Highland Avenue, Suite 200<br>Lombard, IL 60148<br>Telephone: (630) 575-8181 x 120<br>Facsimile: (630) 575-8188<br>Email: alejandrof@sulaimanlaw.com<br>*Attorney for Plaintiff* |